UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS

JASON C. DEVILLIER                              NO.: 16-00012-BAJ-RLB

## RULING AND ORDER

On February 18, 2016, the federal grand jury returned an eight-count indictment against Defendant Jason C. Devillier ("Defendant"). (Doc. 1). Counts 5 through 8 of the indictment charge Defendant with fraudulent receipt of bank funds in violation of 18 U.S.C. § 1005's fourth paragraph. (*See* Doc. 1 at pp. 7—8). Defendant now moves to have the Court dismiss those counts, arguing that 18 U.S.C. § 1005's fourth paragraph only applies to bank insiders, which he, by all accounts, is not. (Doc. 8-1).

18 U.S.C. § 1005 reads as follows:

> Whoever, being an officer, director, agent or employee of any Federal Reserve bank, member bank, depository institution holding company, national bank, insured bank, branch or agency of a foreign bank, or organization operating under section 25 or section 25(a) of the Federal Reserve Act, without authority from the directors of such bank, branch, agency, or organization or company, issues or puts in circulation any notes of such bank, branch, agency, or organization or company; or
>
> Whoever, without such authority, makes, draws, issues, puts forth, or assigns any certificate of deposit, draft, order, bill of exchange, acceptance, note, debenture, bond, or other obligation, or mortgage, judgment or decree; or

1

Whoever makes any false entry in any book, report, or statement of such bank, company, branch, agency, or organization with intent to injure or defraud such bank, company, branch, agency, or organization, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such bank, company, branch, agency, or organization, or the Comptroller of the Currency, or the Federal Deposit Insurance Corporation, or any agent or examiner appointed to examine the affairs of such bank, company, branch, agency, or organization, or the Board of Governors of the Federal Reserve System; or

Whoever with intent to defraud the United States or any agency thereof, or any financial institution referred to in this section, participates or shares in or receives (directly or indirectly) any money, profit, property, or benefits through any transaction, loan, commission, contract, or any other act of any such financial institution –

Shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

Defendant argues that the limiting language in 18 U.S.C. § 1005's first paragraph should be extended to 18 U.S.C. § 1005's fourth paragraph given the statute's legislative history. The Court, for the reasons described herein, disagrees.

As in any case of statutory interpretation, we begin by examining the text. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997); *United States v. Radley*, 632 F.3d 177, 182 (5th Cir. 2011). 18 U.S.C. § 1005's first paragraph is explicitly limited to bank insiders. 18 U.S.C. § 1005's second, third, and fourth paragraphs are not. Courts generally presume that where, as here, Congress has drawn such an obvious linguistic distinction, it did so intentionally. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62—63 (2006). The statute, it would seem, should therefore be enforced as written. *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000); *see also* 1 U.S.C. § 1 (defining the word "whoever," when used in

2

the United States Code, to "include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals"); *United States v. A & P Trucking Co.*, 358 U.S. 121, 123 n.2 (1958) (explaining that the word "'whoever' is to be liberally interpreted").

Some courts, however, have held that 18 U.S.C. § 1005's legislative history justifies an interpretation that bars anybody who is not a bank insider from being prosecuted under paragraphs one, two, *and* three. *See United States v. Barel*, 939 F.2d 26, 39–41 (3d Cir. 1991); *United States v. Ortiz*, 906 F. Supp. 140, 145—46 (E.D.N.Y. 1995); *United States v. Edwards*, 566 F. Supp. 1219, 1221—23 (D. Conn. 1983); *but see United States v. Edick*, 432 F.2d 350, 352–53 (4th Cir. 1970) (declining to extend paragraph one's limiting language to paragraph three). That legislative history reflects that 18 U.S.C. § 1005's first three paragraphs were originally one paragraph. *See United States v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d 593, 628 (S.D.N.Y. 2013). It was not until 1948 that Congress decided to revise the criminal code and, in doing so, turned one paragraph into three. *Id*. In a note accompanying the 1948 revision, Congress stated that "with a few exceptions not relevant here, 'no changes of meaning or substance were' intended." *Id*. *Barel*, *Ortiz*, and *Edwards* therefore chose to take Congress at its word and apply paragraph one's limiting language to paragraphs one, two, and three.

The legislative history of 18 U.S.C. § 1005's fourth paragraph is quite different. *See United States v. Van Brocklin*, 115 F.3d 587, 597 (8th Cir. 1997); *Wells Fargo*, 972 F. Supp. 2d at 628. It was enacted over fifty years later as part of the Financial

Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101–73, § 961(d)(3), 103 Stat. 183, 499 (1989). In adding paragraph four to § 1005, "Congress gave no indication that the word 'whoever' should be limited to bank insiders." *Wells Fargo*, 972 F. Supp. 2d at 628. Nor should any such inference be drawn from the fact that paragraphs one and four fall under the same section of the United States Code. *Compare* 18 U.S.C. § 1510(a) ("Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined under this title, or imprisoned not more than five years, or both."), *with* 18 U.S.C. § 1510(b)(1) ("Whoever, *being an officer of a financial institution*, with the intent to obstruct a judicial proceeding, directly or indirectly notifies any other person about the existence or contents of a subpoena for records of that financial institution, or information that has been furnished in response to that subpoena, shall be fined under this title or imprisoned not more than 5 years, or both.") (emphasis added).

One court, nonetheless, has held that that 18 U.S.C. § 1005's fourth paragraph may only be applied to bank insiders. *See United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 798 F. Supp. 2d 517, 526—28 (S.D.N.Y. 2011). That court, the *Rubin* court, seemed to base its decision largely upon the fact that one of FIRREA's "primary purposes" was to "enhance the regulatory enforcement powers of the depository institution regulatory agencies to protect against fraud, waste and *insider abuse*." *Id.* at 526—27 (emphasis in original) (quoting H.R. REP. NO. 101-54, at 307—308 (1989)).

But as *Rubin* acknowledged, 18 U.S.C. § 1005's paragraph four "might just as easily have been designed to address fraud and waste, more generally, as to address the more limited field of illicit bank transactions conducted by bank insiders." *Id*. at 527. The intent of the drafters is unclear. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982) (noting that statutory text generally trumps congressional intent except for those "rare" instances in which "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters").

*Rubin* also declared that an interpretation permitting "whoever" to be prosecuted under 18 U.S.C. § 1005's fourth paragraph should be avoided in light of the "more generally applicable state and federal bank wire fraud statutes such as . . . 18 U.S.C. § 1344."[1] *Rubin*, 798 F. Supp. 2d at 527—28. Put another way, *Rubin* suggests that even though the same act may constitute a "violation of two distinct statutory provisions," *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the principles of statutory construction disfavor such a result, *see Rubin*, 798 F. Supp. 2d at 528 (citing *Bilski v. Kappos*, 561 U.S. 593, 608 (2010)).

---

[1] 18 U.S.C. § 1344 reads as follows:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice —
>
> (1) to defraud a financial institution; or
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

Respectfully, there is no such principle of statutory construction. *Rubin*'s "principle" is based upon what it believes to be sound policy. Such is "no justification for taking liberties with unequivocal statutory language." *See United States v. Batchelder*, 442 U.S. 114, 121–22 (1979).

This Court therefore joins every other court to have addressed this issue and holds that 18 U.S.C. § 1005's fourth paragraph is not by its terms restricted to bank insiders. *See Van Brocklin*, 115 F.3d at 597; *Wells Fargo*, 972 F. Supp. 2d at 629; *United States v. Christensen*, 344 F. Supp. 2d 1294, 1297 (D. Utah 2004).

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss Counts 5 through 8 of the Indictment (Doc. 8)** is **DENIED**.

Baton Rouge, Louisiana, this **4th** day of May, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6